UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ALPER AUTOMOTIVE, INC.
D/B/A AA IGNITION,
A Florida Corporation,

   Plaintiff,

v.             CASE No:

DAY TO DAY IMPORTS, INC.,
A California Corporation,

   Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alper Automotive, Inc. ("Alper Automotive"), a Florida corporation, submits this Complaint against Defendant Day to Day Imports, Inc. ("DDI"), a California corporation, and states:

## PARTIES

1.  Alper Automotive is a Florida corporation, duly organized under the laws of Florida, with its principal place of business at 3727 NW 9th Street, Delray Beach, FL 33445.

2.  Alper Automotive sells automotive replacement parts, including dash button sticker repair kits for car radios. Alper Automotive primarily sells these parts on the Amazon platform. The relevant Amazon listing for Alper Automotive's dash button sticker repair kits can be found at https://www.amazon.com/Dash-Button-Sticker-Repair-Kit/dp/B079H3M214 (last visited Dec. 26, 2018).

3.  On information and belief, DDI is incorporated in California and has a principal place of business at 16325 S Avalon Boulevard, Gardena, California 90248.

1

## NATURE OF ACTION

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, for the purpose of determining a question of actual controversy between the parties as more fully appears in this complaint. Specifically, Alper Automotive is seeking a declaratory judgment under the copyright laws of the United States, namely 17 U.S.C. § 101 et seq. DDI has asserted that Alper Automotive has infringed certain copyrights using unduly aggressive and confrontational tactics such that an actual case and controversy has arisen.

5.      Alper Automotive further alleges misrepresentation of copyright infringement under the Digital Millennium Copyright Act, namely 17 U.S.C. § 512(f). DDI's actions have harmed, and threatens to further harm, Alper Automotive.

6.      Alper Automotive also asserts tortious interference with a business relationship under Florida common law, injurious falsehood and product disparagement under Florida common law, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204(1).

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1331, for a federal question arising under the laws of the United States which includes the Copyright Act of 1972, 17 U.S.C. §§ 101 et seq. This Court also has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and, on information and belief, an amount in controversy over $75,000, exclusive of interest and costs.

8.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims not asserted under the copyright laws, as these claims are related to claims within the Court's original jurisdiction.

9.     This Court has personal jurisdiction over DDI pursuant to Florida's Long-Arm Statute, Fla. Stat. § 48.193, as, on information and belief, DDI is engaged in substantial and not isolated activity within Florida through its solicitation of Florida customers.

10.     Venue is proper in the Southern District of Florida, West Palm Beach District, because the harm more particularly described in this Complaint occurred in this District and because, on information and belief, DDI can be found in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE AMAZON COMPLAINTS

11.     Harold Thomas Walters ("Walters") is the purported copyright owner of Copyright Registration No. VAu001299058 (the "'058 Registration") (attached hereto as **Exhibit A**). Walters is also the purported copyright owner of Copyright Registration No. VAu001317214 (the "'214 Registration") which supplemented Copyright Registration No. VAu001299058 (attached hereto as **Exhibit B**) (collectively the "Copyright Registrations").

12.     The '214 Registration supplemented the '058 Registration by changing the Date of Creation from 2017 to 2011 and states "I made a mistake when filling out the original application and used the wrong completion date, my original completion date for the design was 2011 and I mistakenly put down 2017."

13.     On information and belief, DDI is a shell company run by its Chief Executive Officer, Yosef Nourollah. DDI has no website and no presence on Amazon despite purportedly being in business for 31 years. *See* **Exhibit C**. While DDI has a LinkedIn page, attached as **Exhibit D**, the link to DDI's website reads "coming soon." *See* **Exhibit E**. DDI's Amazon listing contains no products.

14.     DDI is alleged to have licensed the Copyright Registrations from Walters.

15.     On information and belief, DDI is asserting the ability to assert the copyright over the arrangement of icons on a replacement sticker sheet as shown below:



16.     It is unclear what exactly constitutes the copyrighted works because Alper Automotive has been unable to receive written authorization from DDI to retrieve a copy of the deposit from Copyright Office along with written documentation of DDI's ownership rights as evidenced by a license agreement in accordance with Copyright Office policies. *See* Circular 6, Obtaining Access to and Copies of Copyright Office Records and Deposits, accessed at https://www.copyright.gov/circs/circ06.pdf.

17.     The images included in Alper Automotive's Amazon listing found at https://www.amazon.com/Dash-Button-Sticker-Repair-Kit/dp/B079H3M214 were taken by a photographer hired by Alper Automotive.

18.     Neither Alper Automotive nor its photographer had access to DDI's sticker sheet prior to its first posting on Amazon in February 2018.

19.     The dash button sticker repair kit sold by Alper Automotive was independently created.

20.     In order to sell products on Amazon, an entity must agree to the Amazon Services Business Solutions  Agreement and enter into a business relationship with Amazon, which can be found at https://sellercentral.amazon.com/gp/help/external/1791?language=en-US&ref=efph_1791_cont_521 (last visited Dec. 27, 2018).

21.     The icons displayed on the dash button sticker repair kit embodied within the Copyright Registrations, including the shape and order of each individual sticker containing each icon, have been publicly available, distributed, and sold on GM vehicles such as the Chevrolet Tahoe since at least 2007.

22.     The dash button sticker repair kits embodied in the Copyright Registrations are inherently useful and contain no originality. Specifically, the icons on DDI's dash button sticker repair kit are not sufficiently original to be creative and are therefore not protectable by copyright. Similarly, the pattern and shape of the stickers are not sufficiently original to be creative and are therefore not protectable by copyright.

23.     On May 17, 2018, Alper Automotive received the first of several notices from Amazon (the "Amazon Notice") that Amazon had received a report of copyright infringement as to Amazon Standard Identification Number ("ASIN") B079H3M214 for "AC Dash Button Sticker Repair Kit - Buttons Sticker Replacement - For Chevy Tahoe, Avalanche, Silverado, Traverse, GMC Sierra, Yukon, Buick Enclave & More - AC Panel Decals - Year Models 2006 – 2014."

24.     The Amazon Notice stated "We are contacting you because we received a report of copyright infringement from the rights owner listed below."

25.     The contact information for the purported rights owner was an email address directed to aryeh@akaufmanlegal.com.

26.     On information and belief, aryeh@akaufmanlegal.com is the email address of Aryeh Kaufman, an attorney from the Law Office of Aryeh Kaufman.

27.     On May 17, 2018, in response to the notice, previous counsel for Alper Automotive, Hillel Parness, reached out to Mr. Kaufman requesting more information about the Copyright Registrations. Mr. Parness requested information, in particular, about who Mr. Kaufman represents and the basis for the infringement claim. Mr. Parness later requested a copy of the deposit made to the Copyright Office.

28.     Mr. Kaufman, in response to Mr. Parness on the same day, then represented that his "client is the exclusive licensee" of the work but did not reveal the identity of his client. Instead, Mr. Kaufman requested the amount of sales made by Alper Automotive. No sales figures were provided prior to the filing of this Complaint.

29.     Alper Automotive requested the license purportedly granting DDI rights in the Copyright Registrations. DDI refused to provide any license.

30.     Seven more complaints were levied against Alper Automotive's Amazon listing, for a total of eight complaints; one complaint on August 9, 2018, one complaint on November 5, 2018, four complaints on November 29, 2018, and one complaint on December 23, 2018.

31.     Alper Automotive appealed each complaint and the Amazon listing was reinstated each time. Screenshots of reinstatement notices provided by Amazon are attached hereto as **Exhibits F-J**.

32.     DDI knew that Amazon reinstated Alper Automotive's Amazon listing after each complaint.

33.     Only after filing these complaints and multiple conversations was it revealed that DDI was the purported licensee of the Copyright Registrations.

34.     During the period of time Alper Automotive's Amazon listing was taken down, Alper Automotive suffered damages in the form of lost sales.

35.     Other losses, such as losses to Alper Automotive's customer base, goodwill, and reputation, are unquantifiable.

36.     Alper Automotive has a subjective belief that the Copyright Registrations are invalid.

37.     On information and belief, DDI is acting as a copyright troll based on its unduly aggressive and opportunistic tactics.

## COUNT I – DECLARATORY RELIEF

38.     Alper Automotive realleges paragraphs 1-37 as if set forth herein.

39.     DDI notified Alper Automotive of a claim of copyright infringement by its Amazon complaints.

40.     An actual, present, and justiciable controversy has arisen between Alper Automotive and DDI concerning Alper Automotive's exposure to liability for selling dash button sticker repair kits like the ones sold at https://www.amazon.com/Dash-Button-Sticker-Repair-Kit/dp/B079H3M214 on the basis of copyright infringement.

41.     Alper Automotive contends that it has never infringed any of the Copyright Registrations. Sale of any dash button sticker repair kits in the U.S. is lawful under the first sale doctrine.

42.     Any use by Alper Automotive of the works embodied in the Copyright Registrations is non-actionable as copyright infringement when it: (i) relates to works for which

DDI lacks copyright ownership or a valid copyright registration, or (ii) occurred more than three years ago, or (iii) is simply a reuse of the same work for which DDI originally licensed the work.

43.     DDI's claims that Alper Automotive has infringed the Copyright Registrations warrant judicial relief from this Court in the form of a declaration that Alper Automotive is not liable to DDI under the copyright laws for any use by Alper Automotive of dash button sticker repair kits (i) that relate to works for which DDI lacks copyright ownership or a valid copyright registration, (ii) that occurred more than three years ago, or (iii) which is simply a reuse of the same work for which DDI originally licensed the work.

44.     Alper Automotive continues to attempt to sell its products on the internet under the threat of legal action by DDI, and DDI has already caused the removal of Alper Automotive's Amazon listing.

45.     On information and belief, DDI plans to continue to interfere with Alper Automotive's business in the aforementioned manner for the indefinite future.

46.     DDI's actions and representations warrant a declaration from this Court that Alper Automotive does not infringe the Copyright Registrations.

47.     DDI's actions and representations warrant a declaration from this Court that the Copyright Registrations are invalid.

**COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

48.     Alper Automotive realleges paragraphs 1-47 as if set forth herein.

49.     Amazon sells and promotes Alper Automotive products on its website and formed a business relationship.

50.     Alper Automotive will likely derive future economic benefit from its relationship with Amazon.

51.     Alper Automotive and DDI are not in a contractual relationship.

52.     DDI knew that Alper Automotive and Amazon had a business relationship.

53.     DDI intentionally interfered with Alper Automotive's and Amazon's business relationship.

54.     DDI interfered with Alper Automotive's and Amazon's business relationship by submitting multiple faulty reports claiming copyright infringement.

55.     DDI had no privilege or right to interfere with the business relationship.

56.     Alper Automotive has suffered economic injury as a result of DDI's actions.

### COUNT III – INJURIOUS FALSEHOOD AND PRODUCT DISPARAGEMENT

57.     Alper Automotive realleges paragraphs 1-56 as if set forth herein.

58.     DDI intentionally made a false statement to Amazon that the dash button sticker repair kits Alper Automotive sells on the Amazon platform infringe its alleged rights in the Copyright Registrations.

59.     DDI acted with malice in that it knew that the false statement would induce Amazon to take down Alper Automotive's Amazon listing.

60.     DDI posted its takedown notice and then asked for Alper Automotive's sales figures.

61.     DDI's statements played a material and substantial part in Amazon's actions to take down Alper Automotive's Amazon listing.

62.     Alper Automotive has suffered specific and measureable losses due to DDI's conduct.

### COUNT IV – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

63.     Alper Automotive realleges paragraphs 1-62 as if set forth herein.

64.     DDI has committed an unfair trade practice by submitting multiple takedown reports of Alper Automotive's Amazon listing with the knowledge that the Copyright Registrations are invalid.

65.     DDI's acts relate to a material misrepresentation of the validity of the Copyright Registrations.

66.     DDI's actions are unfair, unconscionable, or deceptive and offend established public policy.

67.     DDI's actions have caused loss to Alper Automotive which is both quantifiable and unquantifiable.

68.     DDI's repeated actions have caused substantial irreparable harm to Florida consumers by taking away consumer's ability to purchase those goods on the Amazon platform.

69.     DDI has threatened to continue this pattern of activity every time Amazon brings the listing back online.

## COUNT V – MISREPRESENTATION OF COPYRIGHT INFRINGEMENT UNDER DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §512(f))

70.     Alper Automotive alleges paragraphs 1-69 as if set forth herein.

71.     By submitting Notices of Claimed Infringement to Amazon, DDI knowingly and materially misrepresented that Alper Automotive's dash button sticker repair kits infringed DDI's alleged ownership rights.

72.     As a result of DDI's acts alleged herein, Alper Automotive has suffered, is suffering, and will continue to suffer substantial damage to its business in the form of lost profits and injury to goodwill and reputation.

73.     As a result of DDI's knowing material misrepresentations, Alper Automotive is entitled pursuant to 17 U.S.C. § 512(f) to all damages, including costs and attorneys' fees, which it incurred as the result of Amazon's reliance upon DDI's misrepresentations.

74.     Unless this Court restrains DDI from further commission of the aforementioned acts, Alper Automotive will suffer irreparable injury, for which it is without adequate remedy at law. Accordingly, Alper Automotive seeks an order enjoining DDI from sending any further wrongful notices, complaints, or threats in connection with the sale of Alper Automotive's products on the internet.

WHEREFORE, Plaintiff Alper Automotive respectfully requests this Court render and order granting Alper Automotive:

A.     A declaratory judgment that Alper Automotive's sale of dash button sticker repair kits is lawful and does not infringe DDI's purported rights in the Copyright Registrations or any other rights DDI may have; and, in particular, that Alper Automotive's sale of dash button sticker repair kits is protected by the first sale doctrine;

B.     That DDI and its parents, subsidiaries and affiliated companies, their respective officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction order by personal or other service be preliminarily and permanently enjoined from (1) sending Notices of Claimed Infringement to Amazon concerning Alper Automotive; (2) sending any other complaints containing allegations of infringement or other wrongdoing to Alper Automotive's third party Internet service providers or other vendors of goods and/or services; and (3) interfering in any way with Alper Automotive's sale of dash button sticker repair kits on the Internet;

C.      Damages according to proof;

D.      That, because of the willful nature of DDI's acts, the Court enter a judgment for treble the amount of the aforesaid damages;

E.      That, because of the willful, intentional, and wrongful nature of DDI's acts, the Court award to Alper Automotive exemplary or punitive damages;

F.      That the Court award Alper Automotive pre-judgment interest;

G.      That DDI be required to pay to Alper Automotive its costs in this action, including all costs and attorneys' fees; and

H.      That Alper Automotive be granted such other and further relief as the Court deems just and proper.

Plaintiff demands a jury trial.

Respectfully submitted this 27th day of December, 2018.

/s/ *Cole Carlson*
Cole Carlson
Florida Bar No.: 112863
Primary Email Address:
cole.carlson@gray-robinson.com
GrayRobinson, P.A.
401 East Jackson Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
