UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81753-Civ-Brannon

ALPER AUTOMOTIVE, INC.
d/b/a AA IGNITION,
A Florida Corporation,

    Plaintiff,

v.

DAY TO DAY IMPORTS, INC.,
A California Corporation,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT [DE 47]**

THIS CAUSE is before the Court upon Plaintiff Alper Automotive, Inc. d/b/a AA Ignition's ("Alper") Motion for Partial Summary Judgment ("Motion") against Defendant Day to Day Imports, Inc. ("DDI") [DE 47]. DDI responded [DE 66], Alper replied [DE 70], DDI sur replied with leave of Court [DE 78]. The Court heard oral argument on July 8, 2020. Based upon the arguments of the parties and a thorough review of the record, Alper's Motion [DE 47] is **GRANTED**, for the reasons explained below.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) allows for partial summary judgment. It states:

> A party may move for summary judgment, identifying each claim or defense —
> or the part of each claim or defense — on which summary judgment is sought.
> The court shall grant summary judgment if the movant shows that there is no
> genuine dispute as to any material fact and the movant is entitled to judgment as a
> matter of law. The court should state on the record the reasons for granting or
> denying the motion.

1

Fed. R. Civ. P. 56(a).

An issue of fact is "genuine" if the evidence could lead a rational jury to find for the non-moving party. *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1314 (11th Cir. 2010). It is "material" if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must decide if "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Anderson*, 477 U.S. at 251).

The moving party bears the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Tana v. Dantanna's*, 611 F.3d 767, 772 (11th Cir. 2010); *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). To defeat a motion for summary judgment, a non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1315 (11th Cir. 2007).

In copyright cases, summary judgment is appropriate if the similarity between two works concerns only non-copyrightable elements, or because no reasonable jury, properly instructed, could find that the two works are substantially similar. *Herzog v. Castle Rock Entm't*, 193 F.3d

1241, 1247 (11th Cir. 1999) (citing *Beal v. Paramount Pictures Corp.,* 20 F.3d 454 (11th Cir.1994), *cert. denied,* 513 U.S. 1062, 115 S. Ct. 675, 130 L.Ed.2d 607 (1994)).

## II.     FACTUAL BACKGROUND[1]

Alper is a Florida corporation that sells automotive replacement parts, including dash button sticker repair kits for car radios. [DE 1 at ¶ 1-2]. Alper primarily sells these parts on the Amazon platform. [*Id.* at ¶ 2]. DDI is a California corporation that sells its auto accessories under the "Oxgord" trademarks. [*Id.* at ¶ 3; DE 29 at ¶ 3; DE 67, Ex. A ("Nourollah Decl.") ¶ 4]. Oxgord Incorporated is owned by Mr. Yehuda Nourollahh, who has been in the after-market car accessories business since around 2005. [Nourollah Decl. ¶ 544].

Harold Walters is the author and owner of Copyright Registrations No. VAu001299058 ("the '058 Registration") and No. VAu001317214 ("the '214 Registration). [DE 1, Ex. A-B &; Walters Depo. at 46:9-10; 72:24-5]. The '214 Registration supplemented the '058 Registration by changing the date of creation from 2017 to 2011 due to a mistake made when filling out the application. [Walters Depo. at 47:8-13; 62:18-9]. Both the '214 and '058 Registration apply to the same "Deposited Material":



---

[1] These background facts are drawn from the parties' Rule 56.1 submissions and the record evidence. These facts are either: (1) asserted and evidentially supported at least to some degree by one party and not rebutted by the other side; (2) otherwise not in genuine dispute; (3) asserted and evidentially supported by one side to such an extent, or in such a manner, that they are credited by this Court even if rebutted to some extent by the other side; or (4) subject to judicial notice.

[DE 34, Ex. A & Walters Depo. at 80:7-9]. The Deposited Material design was first published in 2011 [DE 29 at p. 10, ¶14] and both the '058 and '214 Registrations were made in at least 2017. [DE 1, Ex. A & B].

DDI met Walters on June 11, 2017, after Walters filed a report of copyright infringement against DDI's Amazon.com listing. [Nourollah Decl. ¶ 2]. Walters informed DDI that he created the above shown sticker sheet, including, inter alia, the truck icons found on the top row, as well as the order and arrangement of the icons. [*Id.* at ¶ 3].

DDI referred the matter to Oxgord Incorporated for an evaluation of Walters' claims. [*Id.* at ¶ 4]. During the months that followed, Oxgord Incorporated entered into negotiations with Walters to license his copyrighted works. [*Id.* at ¶ 9]. In 2018, Walters entered into a written license agreement with Oxgord Incorporated, who then licenses to DDI. [DE 48, Ex A & B]. The license and assignment related to the '058 and '214 Registrations. [*Id.*, Ex. B at 1, ¶ 1.1]. The assigned license granted DDI the rights to "make, market, distribute and sell Products through all channels of trade except eBay.com and its affiliated websites" in return for a one-time payment of $18,000.00." [*Id.* at 2, ¶ 2.1]. The term "Products" was defined to mean "any method or product bearing the Copyrighted design." [*Id.* at 1, ¶ 1.3]. The term "Copyrights" was defined to mean "the copyrights filed by Harold Walters titled 'CLIMATE CONTROL' and 'TOTAL CLIMATE CONTROL' with associated copyright VAu 1-317-214, VAu 001299058." [*Id.* at 1, ¶ 1.1]. The license granted Oxgord (and then DDI through assignment) the right to sublicense the Copyright License. [*Id.* at ¶ 2.1].

Between May and December 2018, Alper received several complaints from Amazon.com relating to Alper's allegedly infringing material. [DE 1 at 5-6 & DE 29 at 4 ¶¶ 24-32, 12, ¶¶ 28-9]. Each time, Alper Amazon listing was reinstated. [DE 1 at Ex. F-J]. Walters provided DDI

4

with the '214 Registration. [Walters Depo. at 61:21-62:8]. The individuals at DDI aware of each alleged occurrence of infringement is Yehuda Nourollah, Gloria Rin, and June Bland from viewing listings on Amazon.com and "comparing them to the copyrighted design." [DE 48, at 4 & DE 67, at 3]. After reviewing the listings, DDI, through counsel, reported infringement to Amazon.com. [DE 29 at 12, ¶ 28].

On December 27, 2018, Alper filed the instant lawsuit. [DE 1]. The complaint seeks a declaratory judgment that the copyright rights related to a sticker sheet were not infringed and not valid. [*Id.*]. The complaint also alleged tortious interference with a business relationship, injurious falsehood and product disparagement under Florida and violation of the Florida Deceptive and Unfair Trade Practices Act, and misrepresentation of copyright infringement under 17 U. S. C 512(f). [*Id.*].

On September 9, 2019, DDI answered and asserted their counterclaim for copyright infringement based on Walters' representations have he had copyright registrations on his sticker sheets. [DE 29]. DDI also joined Walters as a third-party plaintiff. [*Id.*]. At some point, it was apparent that Walters, had registered the wrong sticker sheet that formed the basis for the counterclaim. On September 13, 2019, Walters filed two copyright applications for the V7 Design, which is the described design in Paragraph 13 of the counterclaim, in an expedited procedure before the U.S. Copyright Office:



[DE 48, Ex. D; Walters Depo. at 100:8-10; Nourollah Decl. ¶ 37].

Alper filed its answer and affirmative defenses on September 16, 2019, alleging that the V7 Design was not the actual copyright deposit corresponding to the copyright registration number identified in the counterclaims, and alleging that the specimen submitted to the U.S. Copyright Office was something different from the V7 Design [DE 34].

On September 23, 2019, Walters received a rejection because the V7 Design "lack[ed] the authorship necessary to support a copyright claim." [DE 48, Ex. D at 2]. The rejection found that the deposit "appears to be a 'user interface' or 'template' for automobile AC controls." [*Id.*]. The rejection stated that the V7 Design is not copyrightable because of the "statutory provision against copyright in ideas, systems, concepts, or discoveries" pursuant to 17 U.S.C. 102(b). [*Id.*]. The rejection also cited 37 C.F.R. § 202.1 and emphasizes that "**copyright does not protect familiar symbols or designs; basic geometric shapes; . . . or mere variations of typographic ornamentation, lettering or coloring**." [*Id.*]. The rejection concludes by stating that "[a]fter careful consideration, [the U.S. Copyright Office] has determined that this particular work will not support a claim to copyright under the standards described above" and a refusal to register the claim. [*Id.*].

In Walters' September 26, 2019 deposition, he testified to the following. The shape of the individual stickers was chosen to match the shape of their corresponding physical buttons. [Walters Depo. at 119:1-7]. The plus sign is a common way to express an increase in value. [*Id.* at 81:1-3]. The minus symbol is a common way to express a decrease in value. [*Id.* at 81:19-21]. The fan symbol is a common way to express air flow in a vehicle. [*Id.* at 124:3-6]. The defrost symbol is a common way to express defrosting in a vehicle. [*Id.* at 89:11-2]. The symbol having an air turning back on itself is a common way to express air recirculation in a vehicle. [*Id.* at 90:4-6]. The power button is a common way of expressing turning on and off a system. [*Id.* at

91:16-92:6]. The snowflake symbol is a common way of expressing air conditioning in a vehicle. [*Id.* at 94:2-4]. He looked to other vehicles climate control systems in creating the V7 Design [*Id.* at 77; 87:4-5; 102:10-103:25]. The arrangement of the icons in the V7 Design is taken from the GM climate control systems. [*Id.* at 102:10-103:25]. "[B]ut the truck icons are original." [*Id.* at 76:21-25].

On January 22, 2020, the Court dismissed claims and counterclaims between Alper and Walters with prejudice on the parties' stipulated motion [DE 53], and subsequently granted DDI's Motion for Voluntary dismissal with Prejudice of its Counterclaims. [DE 65].

### III.   ANALYSIS

As an initial matter, Alper concedes that its argument as to standing is moot in light of the dismissal of DDI's counterclaims. [DE 70 at 1]. The remaining arguments in Alper's Motion are ripe for review. Alper seeks a finding that the copyright registrations are invalid due to lack of originality, the work's functionality, and because of the merger doctrine. DDI primarily argues that the Motion should be denied because the validity of the copyrights is a disputed material fact based on the admissible evidence before the Court.

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel.Serv. Co.*, 499 U.S. 340, 361 (1991); *BellSouth Advertising & Publishing Corp. v. Donnelley Info. Publishing, Inc.*, 999 F.2d 1436, 1440 (11th Cir.1993) (en banc). Because the work was first published in 2011 and the registrations were made more than five years later, there is no presumption of validity or originality in this case. *See* 17 U.S.C. § 410(c); *see also Donald Frederick Evans and Associated, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986).

The Copyright Act of 1976 extends copyright protection to "original works of authorship fixed in any tangible medium of expression. . . ." and defines "work of authorship" to include "(5) pictorial, graphic, and sculptural works." *See* 17 U.S.C. § 102(a)(5). The Copyright Act includes a "special rule for copyrighting a pictorial, graphic, or sculptural work incorporated into a 'useful article.'" *See Star Athletica, L.L.C. v. Varsity Brands, Inc*., 137 S. Ct. 1002, 1008 (Mar. 22, 2017). A "useful article" is one "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. Although "useful articles" themselves are not subject to copyright protection, the design of a useful article may be protected as a pictorial, graphic, or sculptural work, but "only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *See id.* This reflects Congress' decision to provide copyright protection "for original works of art, but not for industrial design." *Star Athletica*, 137 S. Ct. at 1007. If there is a separable work, it must be original to be copyrightable. "The *sine qua non* of copyright is originality." *Feist*, 499 U.S. at 345. Copyrightable originality requires "independent creation," as opposed to copied from other works, by the author "plus a modicum of originality." *Id.* at 346.

Whether a work is copyrightable is a question of fact, and here, the record evidence viewed in a light most favorable to DDI establishes that the truck recirculation icon and the overall arrangement is uncopyrightable as a useful article and is not an expression of creativity and therefore not "original."

The Copyright Office refused to register the icons and their arrangement. In the rejection of the V7 Design, the Copyright Office found that it appeared to be a "user interface" or "template" for automobile AC controls. Pursuant to 37 C.F.R. § 202.1 "copyright does not

protect familiar symbols or designs; basic geometric shapes; . . . or mere variations of typographic ornamentation, lettering or coloring." The Court properly gives "some deference to the expertise of the Register in its decision" as to what is copyrightable and what is not. *Norris Indus., Inc. v. Int'l Tel. & Tel. Corp.,* 696 F.2d 918, 922 (11th Cir. 1983).

The truck recirculation icon is the most basic representation of a truck. It is a profile view of a stick-figured truck having an arrow going through the front windshield. It is a familiar symbol depicted in its most basic form and not copyrightable. The arrangement of the bottom two rows of icons was taken from a vehicle. The arrangement of the top row of icons is static. The truck recirculation icon location merely matches up with the SUV recirculation icon. No originality involved in the arrangement of the other two icons; it was merely a choice between two positions. Moreover, the truck recirculation icon and the overall arrangement is part and parcel with a utilitarian function and are not sufficiently "separable" from its utilitarian purpose to be eligible for copyright protection. *See Star Athletica, L.L.C.*, 137 S. Ct. at 1008. Significantly, "to qualify as a pictorial, graphic, or sculptural work on its own, the feature cannot itself be a useful article or '[a]n article that is normally a part of a useful article' (which is itself considered a useful article)." *Id.* at 1010 (quoting 17 U.S.C. § 101). Here, the truck icon continues to represent air recirculation within a truck and this is not changed by fixing it to another medium. Because the features are not capable of "existing independently" as a work of art, it is not protectable under copyright law. *Id.* at 1011; *Norris Indus., Inc*., 696 F.2d at 924. Additionally, because the truck icon and overall arrangement are not copyrightable, copying these elements cannot be infringement as a matter of law.

### IV. <u>CONCLUSION</u>

Accordingly, Plaintiff Alper Automotive, Inc. d/b/a AA Ignition's Motion for Partial Summary Judgment against Defendant Day to Day Imports, Inc. [DE 47] is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 13th day of July, 2020.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGEs