UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81753-Civ-Brannon

ALPER AUTOMOTIVE, INC.
d/b/a AA IGNITION,
A Florida Corporation,

    Plaintiff,

v.

DAY TO DAY IMPORTS, INC.,
A California Corporation,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE [DE 87]

THIS CAUSE is before the Court upon Defendant Day to Day Imports, Inc. ("DDI") Motion in Limine ("Motion"). [DE 87]. Alper Automotive, Inc. d/b/a AA Ignition's ("Alper") responded [DE 95], and DDI replied. [DE 101]. Having reviewed the parties' submissions and governing law, DDI's Motion is **DENIED**.

This action centers on a series of Digital Millennium Copyright Act ("DMCA") takedown notifications sent by DDI to Amazon regarding alleged copyright infringement of a design found on a sticker sheet, and whether DDI sought to remove Alper's listing for improper purposes. In response to DDI's takedown notices, Amazon sent three emails to DDI on August 3, 2018 ("the Amazon Emails").

In its Motion, DDI seeks to preclude Alper from introducing the Amazon Emails as evidence at trial. DDI argues that the Amazon Emails are hearsay; their probative value is

1

substantially outweighed by the danger of unfair prejudice; they confuse the issues and mislead the jury; and cannot be properly authenticated.  DDI's position is that the Amazon Emails appear to be auto-generated responses to DDI that imply that Amazon made a determination that DDI's takedown notices were invalid and/or inaccurate. Specifically, all of the Amazon Emails state that Amazon "determined that the notices you have reported to Amazon are invalid and/or inaccurate. Reporting false, misleading, or consistently inaccurate notices of infringement violates our policies." [DE 87-1-3].  DDI also argues that because Amazon ultimately took down Alper's products, contrary to its statements made in the Amazon Emails, a jury is likely to be confused by the alleged contradiction.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial.  *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, 2:07-CV-16-FTM-99SPC, 2011 WL 470561, at *2 (M.D. Fla. Feb. 2, 2011).  Motions in limine are generally disfavored and admissibility questions should be ruled upon as they arise at trial.  *See Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017).  Evidence is excluded upon a motion in limine "only if the evidence is clearly inadmissible for any purpose." *Id.* (quoting *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007)).  Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.

The Amazon Emails can be authenticated through testimony of witness knowledge. Fed. R. Evid. 901. Because Alper is capable of producing sufficient evidence at trial to support a finding of authentication, the Amazon Emails should not be excluded in advance of trial.

As to DDI's Rule 403 concerns, DDI has not established that the Amazon Emails should be excluded in advance of trial. Rule 403 permits exclusion of otherwise relevant evidence when the "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Beginning with relevance, a fact, to be relevant, must be "of consequence in determining the action." Fed. R. Evid. 401(b). The Amazon Emails are relevant because they show Amazon's process of reviewing the August 2, 2018 DMCA takedown notice, which is a fact of consequence in this case. DDI has not established a danger of unfair prejudice, confusing the issues, or misleading the jury. DDI's concerns surrounding the Amazon Emails can be addressed using other evidence to show Amazon's policies relating to takedown notices. DDI has failed to establish that the Amazon Emails should be excluded in advance of trial.

As to hearsay, Alper contends that it does not intend to introduce the Amazon Emails to prove that the notices submitted by DDI were invalid or false and misleading. As such, the Amazon Emails are not being offered for the truth of the matter asserted and are not hearsay. Fed. R. Evid. 803(1)(c). Instead, Alper states that it intends to use the Amazon Emails, in part, to prove the effect on the listener. *See U.S. v. Cruz*, 805 F.2d 1464, 1477 (11th Cir. 1986) (an out-of-court statement is not hearsay and may be admitted if it is offered "to show the effect it has on the hearer"); *U.S. v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015) ("A statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay. Such a statement may be admitted to show why the listener acted as she did.") (internal quotations

3

omitted).  Because the Amazon Emails have an admissible purpose, the Court need not address Alper's other argued uses for the Amazon Emails.

Accordingly, because the Amazon Emails are not clearly inadmissible, DDI's Motion in Limine [DE 87] is **DENIED**. The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of November, 2020.

                                                          DAVE LEE BRANNON
                                                          U.S. MAGISTRATE JUDGEs