UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81753-Civ-Brannon

ALPER AUTOMOTIVE, INC.
d/b/a AA IGNITION,
A Florida Corporation,

    Plaintiff,

v.

DAY TO DAY IMPORTS, INC.,
A California Corporation,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEY ARYEH KAUFMAN [DE 108]

THIS CAUSE is before the Court upon Plaintiff Alper Automotive, Inc.'s ("Alper") Motion to Disqualify Attorney Aryeh Kaufman ("Motion") [DE 108]. Defendant Day to Day Imports, Inc. ("DDI") responded [DE 113]. Alper replied [DE 114]. A hearing on the motion was held on December 3, 2020. The Court permitted supplemental briefing, which both parties filed. [DE 122 &123]. Being fully advised, Alper's Motion [DE 108] is **DENIED** for the reasons that follow.

### I. LEGAL STANDARD

Disqualification of a party's chosen counsel is an extraordinary remedy and should be used only sparingly. *Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1346 (S.D. Fla. 2011) (citing *Arcara v. Philip M. Warrant, P.A.*, 574 So. 2d 325, 326 (Fla. 4th DCA 1991)); *see also Coral Reef of Key Biscayne Developers, Inc. v. Lloyd's Underwriters at London,* 911 So. 2d 155,

1

157 (Fla. 3d DCA 2005) (collecting cases). Motions for disqualification should be viewed with skepticism because disqualification "impinges on a party's right to employ a lawyer of choice, and such motions are often brought for tactical purposes." *Coral Reef of Key Biscayne Developers, Inc.*, 911 So. 2d at 157; *see also Etkin & Co., Inc. v. SBD LLC*, No. 11–21321–CIV, 2012 WL 5398966, at *2 (S.D. Fla. Nov. 5, 2012).

The party moving to disqualify counsel bears the burden of proving grounds for disqualification of counsel. *Armor Scree Corp. v. Storm Catcher, Inc.,* 709 F. Supp. 2d 1309, 1317 (S.D. Fla. 2010) (citing *In re Bellsouth Corp.,* 334 F.3d 941, 961 (11th Cir. 2003) (citations omitted)). The standards imposed by the Florida Rules of Professional Conduct determine motions for disqualification. *Bedoya v. Aventura Limosine & Transp. Service, Inc*., 861 F. Supp. 2d 1346, 1350 (S.D. Fla. 2012). Alper seeks to disqualify Mr. Kaufman under several rules discussed in turn.

## II.     DISCUSSION

Alper argues that Mr. Kaufman should be disqualified from representing DDI at trial for three primary reasons: 1) Mr. Kaufman is a necessary witness on a disputed issue; 2) Mr. Kaufman's declaration creates a conflict with his current client, DDI; and 3) Mr. Kaufman's declaration creates a conflict with his former client, Mr. Harold Walters.

Specifically, Alper points to a November 19, 2018 email, wherein Mr. Kaufman stated "[m]any of these sellers are one that have already been taken down pursuant to previous DMCA notices, but they are back up somehow." [DE 108 (citing [DE 102 at 2]. Alper argues that this email in combination with the other notices received by Alper "go to prove the hotly contested issue of whether [DDI] submitted a takedown notice after November 19, 2018." *Id.* Alper also points to Mr. Kaufman's declaration which state that he is "in the best position" to state the

"reason he wrote" the sentence concerning sellers that had been taken down and put back up. *Id.* at 5 (citing [DE 102 & 103]. Alper also contends that it was unaware that Mr. Kaufman was the only one with this knowledge during discovery, and because discovery is closed, there is no possibility of re-depositing either Yehuda Nourollah or Akiva Nourollah, making Mr. Kaufman a necessary witness on this issue.

As to Mr. Kaufman's former client, Mr. Walters, Alper argues that Mr. Kaufman's declaration creates a conflict with Mr. Walters regarding the validity of the copyright and the supplemental registration. [DE 108 at 8-9]. Mr. Kaufman's declaration makes it clear that DDI is taking the position that Mr. Walters misrepresented what was deposited at the Copyright Office. *Id.* at 9 (citing [DE 103-1]). Alper argues this is a substantial direct conflict and violation of the duty of loyalty to Mr. Kaufman's former client, Mr. Walters.

### A. Rule 4-3.7: Layer as Witness

The Rule 4-3.7 Regulating the Florida Bar provide in relevant part as follows:

**(a) When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

**(b) Other Members of Law Firm as Witnesses.** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.

R. Regulating Fla. Bar 4-3.7.

Because the restrictions of Rule 4–3.7 apply when a lawyer may testify as a necessary witness "on behalf of the client," Rule 4–3 .7 generally is not implicated when a party does not intend to call its own lawyer as a witness. *See AlliedSignal Recovery Trust v. AlliedSignal, Inc.,* 934 So.2d 675, 678 (Fla. 2d DCA 2006) ("The requirement that a lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel."); *Scott v. State*, 717 So. 2d 908, 910 (Fla. 1998) ("While Rule Regulating the Florida Bar 4-3.7 prohibits a lawyer from acting as an advocate and witness in the same trial, a purpose of the rule is to prevent the evils that arise when a lawyer dons the hats of both an advocate and witness for his or her own client."); *see also Shaw v. Broad & Cassel, P.A.,* No. 11–23689, 2012 U.S. Dist. LEXIS 12054 at \*17–19,2012 WL 315050 (S.D. Fla. Feb. 1, 2012) ("The focus of the analysis under Rule 4–3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness."). Throughout its written and oral argument, DDI has disclaimed any intent to call Mr. Kaufman as a witness. [DE 113 at 3]. Accordingly, Rule 4–3.7 does not apply here.

The Court notes that it is true that Rule 4–3.7 can, in limited circumstances, function to disqualify an attorney called as a witness by a party opposing his client. However, the attorney called by the opposing party will be disqualified only "if the attorney's testimony will be sufficiently adverse to the factual assertions or account of events offered on behalf of the client." *Alto Constr. Co. v. Flagler Constr. Equip., LLC,* 22 So.3d 726, 728 (Fla. 2d DCA 2009). Alper, which bears the burden of establishing grounds for disqualification, has not established that Mr. Kaufman's testimony is sufficiently adverse to DDI to require his disqualification. Nothing in Mr. Kaufman's declaration is adverse to DDI's factual assertions or account of events. For instance, both DDI and Mr. Kaufman take the same position that a DMCA takedown

4

notice was not sent to Amazon after November 19, 2018. [DE 67-1 par. 26 & DE 103-1 par. 8]. Accordingly, even if DDI called Mr. Kaufman as a witness, Alper has failed to establish that Mr. Kaufman should be disqualified under Rule 4–3.7.

### B. Rule 4-1.7: Conflict of Interest; Current Client

Rule 4-1.7 governs conflicts of interest and is implicated in situations where "there is likely to be substantial conflict between the testimony of the client and that of the lawyer." *Bivins v. Rogers*, 2017 WL 5508452, at *1 n. 1 (S.D. Fla. June 1, 2017) (quoting R. Regulating Fla. Bar 4-3.7 cmt.). DDI is Mr. Kaufman's current client, but, as explained *supra*, both DDI and Mr. Kaufman assert that a DMCA takedown notice was not sent to Amazon after November 19, 2018. [DE 67-1 par. 26 & DE 103-1 par. 8]. There positions are materially the same and Alper has not established otherwise. Accordingly, Alper failed to establish that Mr. Kaufman should be disqualified under Rule 4-1.7.

### C. Rule 4-1.9: Conflict of Interest; Former Client

Rule 4–1.9 governs an attorney's duties to former clients, and applies to Mr. Kaufman's relationship with Mr. Walters, his former client. The Rule provides in full:

> A lawyer who has formerly represented a client in a matter must not afterwards:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

R. Regulating Fla. Bar 4–1.9. "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." R. Regulating Fla. Bar 4–1.9. cmt. Further, an attorney's duty to protect his client's confidences continues even after that attorney-client relationship ends. R. Regulating Fla. Bar 4–1.6.

As explained by DDI, Mr. Kaufman did not represent Mr. Walters prior to this current litigation. Mr. Kaufman represented DDI in contract negotiations between DDI and Mr. Walters, who was represented by another attorney at that time. Therefore, any information or representation that Mr. Walters made to Mr. Kaufman, while Mr. Walters was on the other side of the contract negotiations, is not privileged information.

Moreover, the execution of the at-issue license agreement, the supplemental copyright application, and the at-issue take down notice all occurred prior to Mr. Kaufman's attorney/client relationship with Mr. Walters. As such, Alper failed to establish that Mr. Kaufman should be disqualified under Rule 4-1.9.

## III. CONCLUSION

Alper has not established grounds for disqualification of Mr. Kaufman as counsel for DDI under the Florida's Rules of Professional Conduct. Accordingly, Alper Automotive, Inc.'s Motion to Disqualify Attorney Aryeh Kaufman [DE 108] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 18th day of December, 2020.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGEs