UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-81753-BER

ALPER AUTOMOTIVE, INC. D/B/A
AA IGNITION,
A Florida Corporation,

      Plaintiff,

v.

DAY TO DAY IMPORTS, INC.,
A California Corporation,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REPLY [ECF No. 216]

Plaintiff Alper Automotive, Inc. d/b/a AA Ignition moves for Attorneys' Fees. ECF No. 194. Defendant Day to Day Imports, Inc. responded to Alper's Motion for Attorneys' Fees, and Alper filed a Reply. ECF Nos. 208, 211. Day to Day now moves to strike portions of Alper's Reply (the "Motion to Strike"). ECF No. 216. I have reviewed the Motion to Strike as well as Alper's Response (ECF No. 220) and Day to Day's Reply (ECF No. 222). The matter is now ripe for review. For the reasons stated below, the Motion to Strike is **DENIED**.

Day to Day moves the Court to use its inherent authority to strike Section C and the "new evidence" from Section B from Alper's Reply. ECF No. 216 at 6. Day to Day argues that Alper improperly raised a new argument in its Reply in support of

the Motion for Attorneys' Fees. Specifically, Day to Day argues that Alper's Reply, for the first time, sought fees directly from counsel, pursuant to 28 U.S.C. Section 1927. ECF No. 216 at 3.

Under Federal Rule of Civil Procedure 12(f), courts have the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Furthermore "courts have the inherent authority to strike improperly-filed papers other than pleadings." *Arthurs v. Glob. TPA LLC*, No. 14-CV-1209-ORL40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015). Day to Day has the burden to show that (1) the Motion for Attorneys' Fees contains redundant, immaterial, impertinent, or scandalous material, (2) striking the language in Section C would serve to clean up the pleading, streamline litigation, or avoid unnecessary forays into immaterial matters, and (3) the language it requests stricken has no possible relationship to the controversy, may confuse the issues, or may otherwise prejudice a party. *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 359–60 (M.D. Fla. 2012).

The contents of a reply memorandum are limited by Local Rule 7.1(c). A reply memorandum is "strictly limited to rebuttal of matters raised in the memorandum in opposition." L.R. 7.1(c). Accordingly, a reply may not raise new arguments or evidence if it was available when the underlying motion was filed. *Baltzer v. Midland Credit Mgmt., Inc.,* No. 14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (J. Goodman) (citing *Foley v. Wells Fargo Bank, N.A.,* 849 F. Supp. 2d 1345 (S.D. Fla. 2012) (J. Dimitrouleas); *TCC Air Servs., Inc. v. Schlesinger,* No. 05-80543-CIV, 2009

WL 565516, at *7 (S.D. Fla. Mar. 5, 2009) (J. Ryskamp)). However, there is "[a] significant difference . . . between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other." *Giglio Sub S.N.C. v. Carnival Corp.,* No. 12-21680-CIV, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012) (J. Rosenbaum).

Day to Day argues that Alper's Reply violates Local Rule 7.1(c) because it raised a new argument by naming defense counsel, Mr. Kaufman, personally as a person from whom fees were being sought. ECF No. 216 at 3. However, even if Mr. Kaufman was not personally named in Alper's Motion, he was on notice that Alper was seeking attorney's fees from him personally. The Motion for Attorney's Fees cites to Section 1927. That law is titled "Counsel's liability for excessive costs" and the language of the statute specifically states that "[a]ny *attorney* or other person admitted by the court . . . may be required by the court to satisfy personally" the cost of attorney's fees (emphasis added). By its plain terms, Section 1927 authorizes fee shifting against only counsel, not parties. Accordingly, I do not find that Alper's Reply violates Local Rule 7.1(c) since Plaintiff initially raised the 28 U.S.C § 1927 argument and evidence in the original Motion. ECF No. 194 at 11.

Given that Alper's Reply does not violate Local Rule 7.1(c), I do not find it appropriate to strike any portion of the Reply. However, Alper indicated in its Response to the Motion to Strike that it does not oppose allowing Day to Day to file a sur-reply. ECF No. 220 at 5. Accordingly, **on or before July 14, 2022,** Day to Day

3

may file a sur-reply of no more than 10 pages to address the request for attorney's fees from Mr. Kaufman personally pursuant to 28 U.S.C. § 1927

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of June 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE